{¶ 31} I respectfully dissent from the majority opinion. While I agree the Woodrum case does not apply sub judice, I disagree with the majority's conclusion there was insufficient evidence to "impugn any knowledge to appellee of a substantial certainty of harm to an employee", given the requirement of Civ.R. 56 the evidence must be construed most strongly in appellant's favor. (Maj. Op. para. 27).
 {¶ 32} According to appellant's deposition testimony, he had been called into work two hours early on the date the injury occurred in order to help with production. Prior to his arrival, the press had been set up with a foot pedal for activation.
 {¶ 33} Robert Roush, another press operator employed by appellee, stated in his affidavit he had complained the press had double stroked in October 2001, and appellee made an unsuccessful attempt to fix the machine (Roush Aff. No. 3). In early November, 2001, within two weeks of appellant's injury, Roush again reported the press was double stroking. (Roush Aff. No. 6). Roush further stated press operators were supposed to run the presses as they were set up and were not permitted to change the set up of the press themselves. (Roush Aff. No. 12).
 {¶ 34} In his deposition, appellant testified almost everybody in the department runs the press using the foot pedal, and management never told anybody not to do it that way. (Vorshak Depo. at 23). Roush stated supervisors and managers in the department were aware the press operators were using the foot pedal for the cage spreading operation, and were not told not to use the foot pedal for that purpose. (Roush Aff. No. 16).
 {¶ 35} Both appellant and Roush stated it was necessary to use the foot pedal to get to more pieces (production), to "make rate" to save their jobs. (Roush Aff. No. 17; Vorshak Depo. at 28).
 {¶ 36} Shonk acknowledged discussion of loss of jobs overseas if unit cost was not reduced (Shonk Depo. at 61). Shonk verified the department benefited from fast production because of the gain share rate, which information was verbally communicated to the employees. (Shonk Depo. at 33-34).
 {¶ 37} When construing this evidence in the light most favorable to appellant, I find reasonable minds could reach different conclusions as to whether appellee knew a substantial certainty of harm to an employee would occur as a result of the double stroking of the press.